IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSEPH ANTHONY RANIERI ) | | Case No: |
| And JANET KAYE RANIERI ) | | |
| ) | | |
| Plaintiffs, ) | | |
| v. ) | | COMPLAINT |
| ) | | |
| UNITED STATES OF AMERICA, and ) | | |
| THOMAS W. HEJKAL, M. D. ) | | |
| ) | | |
| Defendants. ) | | |

## FIRST CAUSE OF ACTION

1.  This action arises out of the Federal Tort Claims Act of June 15, 1948, 28 U.S.C. Sections 1346(b), 2671 et. sec and 38 U.S.C. 4116(a) as hereinafter more fully set forth.

2.  That Plaintiffs are citizens of the United States of American and residents of Orange Park Clay County, Florida.

3.  That at all times hereinafter mentioned the Defendant, United States of America, does own and operate the Veterans Administration Hospital, Omaha, Nebraska, Omaha, Nebraska (hereinafter referred to as "V.A. Hospital") which is a Federal Agency of the Defendant.

4.  That Defendant, Thomas M. Hejkal (hereinafter referred to as "Hejkal"), is a resident of Omaha, Douglas County, Nebraska, and is a physician duly licensed and qualified to practice medicine in the State of Nebraska.  That at all times hereinafter mentioned, this Defendant held himself out to the Plaintiffs that he was a proper and qualified physician, specializing in the field of Optomology, with experience and training in laser surgery.  That this Defendant invited the public, including Plaintiffs, to use his services and to charge remuneration for such services.  That this Defendant then undertook to render proper medical care and

assistance to Plaintiff, Joseph Anthony Ranieri, and then and there it became his duty to exercise reasonable care to ensure that this plaintiff received proper medical care and attention.

     5.     That the V.A. Hospital, at all times hereinafter mentioned, is engaged in the business of providing medical and health care services to individuals including the plaintiff. That at all times hereinafter mentioned, the V.A. Hospital, held itself out through its physician, agents, representatives, employees, medical staff, including the Defendant, Hejkal, as capable of making and/or giving proper medical examination, care specializing in the field of laser surgery, with experience and laser surgery.  That the V.A. Hospital invited the public, including Plaintiff, Ranieri, to use its services and to charge remuneration for such services.  That the V.A. Hospital undertook to render proper medical care and assistance to Plaintiff and then and there it became its duty to exercise reasonable care to ensure that Plaintiff received, and obtained, proper medical examination, diagnosed, treatment, care and attention.  That at all times herein mentioned, the physicians, agents, representative, employees, medical staff, including the Defendant, Hejkal, were acting within the scope and course of their employment and agency with the Hospital and that any negligence by these people is imputed to the Defendant V.A. Hospital under the Doctrine of Respondeat Superior.

     6.     That the amount in controversy, exclusive of interest and costs, in excess of $75,000.00.

     7.     That the Plaintiffs, pursuant to the Federal Tort Claims Act, timely filed their administrative claims on February 9, 2009 with the United States of America and Department of Veterans Affairs. That on August 22, 2009 Plaintiffs received a letter from the Department of Veterans Affairs denying their claims and, for the first time and after the statute of limitations had run, advised Plaintiffs that Defendant, Hejkal, was not an employee of the V.A. Hospital, but an independent contractor.  This was the first time Plaintiffs discovered Defendant, Hejkal, was not an employee of the V.A. Hospital.

8. That on or about August 2, 2007 Plaintiff, Joseph Anthony Ranieri, was admitted to the V.A. Hospital to have laser surgery performed by the Defendant, Hejkal, to remove abnormal vessels that had grown onto the retina of this Plaintiff's left eye. That after an eye examination by Defendant, Hejkal, he then, negligently, as hereinafter in paragraph 8, refused to go forward with laser surgery and told this Plaintiff to see a doctor in a glaucoma clinic "in about a month".

9. That the Defendants, and each of them, were negligent, and/or committed malpractice, in failing to exercise within the skill and care ordinarily required of medical care providers in Omaha, Douglas County, Nebraska, or similar communities, in one or more of the following particulars, including but not limited to:

    a. In failing to use ordinary care under the circumstances;

    b. In failing to refer Plaintiff to an experienced Optomologist for laser surgery;

    c. In failing to timely perform laser surgery to the retina of Plaintiff's left eye; and

    d. In advising Plaintiff to be examined by another doctor in 30 days when he knew or should have known that any delay in laser treatment would cause blindness to plaintiff's left eye.

10. That as a direct and proximate result of the negligence and malpractice of the Defendants, and each of them, Plaintiff, Joseph Anthony Ranieri, was seriously and permanently injured in that he has become legally blind in his left eye, severe shock to his nervous system, loss of enjoyment of life, aggravation, and inconvenience. That this Plaintiff has suffered, now suffers and will in the future continue to suffer, great and excruciating permanent physical pain and mental anguish, as a result of this accident. That Plaintiffs have incurred fair and reasonable medical expenses because of these injuries and will incur future medical expenses. That this Plaintiff has lost wages and income because of these injuries and will lose income in the future.

That because of these injuries, this Plaintiff's earning capacity has been permanently diminished and impaired.

WHEREFORE, Plaintiffs pray for judgment against the Defendant, and each of them, for special damages and general damages, together with their costs herein expended.

## SECOND CAUSE OF ACTION

Plaintiff, Janet Kaye Ranieri, to avoid repetition, by reference makes all the paragraphs of the First Cause of Action as part of this Second Cause of Action, as if fully set forth herein again.

10. That Plaintiff, Janet Kaye Ranieri, was and is, at all times herein mentioned, married to the Plaintiff Joseph Anthony Ranieri.

11. That the injuries suffered by the Plaintiff, Joseph Anthony Ranieri, as heretofore described in paragraph 10, have disabled him to the extent that Plaintiff, Janet Kaye Ranieri, was and continues to be deprived of his aid, services, support, society, companionship and consortium.

WHEREFORE, Plaintiff prays for judgment against the Defendant, and each of them, for special damages and general damages, together with the costs herein expended.

DATED this 14th day of December, 2009.

JOSEPH ANTHONY RANIERI, and
JANET KAYE RANIERI, Plaintiffs,

By:   /s/ James R. Welsh
James R. Welsh, #14459
Christopher P. Welsh, #22279
WELSH & WELSH, P.C., L.L.O.
9290 West Dodge Road
Suite 100
Omaha, Nebraska 68114
(402) 384-8160
(402) 384-8211 (fax)
ATTORNEYS FOR PLAINTIFFS