# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH ANTHONY RANIERI and JANET KAYE RANIERI, | CASE NO. 8:09CV448 |
| Plaintiff, | |
| vs. | MEMORANDUM AND ORDER |
| UNITED STATES OF AMERICA and THOMAS W. HEJKAL, M.D., | |
| Defendant. | |

This matter is before the Court on the Plaintiffs' Statement of Appeal of Magistrate Judge's Order (Filing No. 15). The Plaintiffs appeal from an order of Magistrate Judge F.A. Gossett, granting the Defendant an extension of time to file an answer. (Filing No. 14).

## FACTUAL BACKGROUND

The Complaint and Summons were served on the Defendant, Thomas Hejkal, M.D., on December 29, 2009.[1] An answer was due on January 19, 2010. Fed. R. Civ. P. 12(a). On January 22, 2010, counsel for Dr. Hejkal filed a motion for an extension of time to answer, stating that he had miscalculated the answer date. Approximately one hour later, Magistrate Judge F.A. Gossett granted the motion, allowing Dr. Hejkal until February 8, 2010, to file an answer. Dr. Hejkal's Answer was filed on January 25, 2010. Approximately five hours later, Plaintiffs' counsel filed a motion for reconsideration of Judge Gossett's order allowing Dr. Hejkal an extension of time to file his Answer. Judge Gossett denied the

---

[1] Plaintiffs counsel represents that the date of service was December 28, 2009, because the Return Receipt for Certified Mail ("Receipt") was Received by his office on December 29, 2009. However, the record shows that the delivery date was not completed on the Receipt. The record does not definitively show that the Receipt was returned by the U.S. mail to counsel's office. Therefore, the date of December 29, 2009, will be used.

motion for reconsideration, stating: had Dr. Hejkal filed his motion four[2] days earlier the Clerk would have granted him an automatic extension; and the Plaintiffs were not unfairly prejudiced by the extension of time. Judge Gossett also noted that Plaintiffs' counsel had not yet perfected service on the Defendant, the United States of America.

The instant appeal was filed, in which Plaintiffs' counsel argue: Dr. Hejkal did not show "good cause" required for an extension of time under NECivR 6.1(a)(2); and Plaintiffs were not allowed sufficient time to respond to Dr. Hejkal's motion for an extension of time.

## DISCUSSION

Under 28 U.S.C. § 636(b)(1)(A), the court has reviewed the order from which this appeal has been taken. In an appeal from a magistrate judge's order on a pretrial matter contemplated by 28 U.S.C. § 636(b)(1)(A), a district court may set aside any part of the magistrate judge's order shown to be clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A).

Similar to NECivR 6.1(a)(2), Federal Rule of Civil Procedure 6(b)(1)(A) states that the Court may extend an answer deadline for "good cause" when the request for an extension is filed before the deadline expires. Federal Rule of Civil Procedure 6(b)(1)(B) also states that the Court may extend a deadline "on motion made after the time has expired if the party failed to act because of excusable neglect." The Eighth Circuit has determined that in a default context, "'excusable neglect' includes 'late filings caused by inadvertence, mistake or carelessness.'" *Sugarbaker v. SSM Health Care,* 187 F.3d 853, 856 (8th Cir. 1999) (quoting *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 784 (8th

---

[2]Three days earlier, given the Court's statement above regarding the date used as the date of service.

2

Cir.1998) (quoting *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 388 (1993))). The Eighth Circuit takes a flexible approach to determinations of "excusable neglect," focusing on the following factors: the danger of prejudice to the other parties; the length of the delay; the effect, if any, on judicial proceedings; the reason for the delay; and whether the tardy party acted in good faith. *Jefferson v. Hicks,* 2010 WL 364223, at *2 (8th Cir. Feb. 3, 2010) (quoting *Johnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 784 (8th Cir. 1998) (quoting *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 394 (1993))).

Applying these factors to this case, there is little, if any, prejudice to the Plaintiffs. Even assuming that the United States has been properly and timely served, the government has 60 days to answer, including time afforded through automatic extension. The 60 days have not yet expired. The length of the delay is brief. Had the extension been requested three days earlier, Dr. Hejkal would have had the 30-day automatic extension. The reason for the delay constitutes "excusable neglect" and the motion for the extension appears to have been made in good faith.

## CONCLUSION

For the reasons discussed, after reviewing the record the Court concludes that Magistrate Judge Gossett's order is not clearly erroneous or contrary to law.

IT IS ORDERED:

1. The Statement of Appeal filed by the Plaintiffs (Filing No. 15) is overruled; and

2. The order of Magistrate Judge Gossett (Filing No. 14), is amended insofar as the date of service on Dr. Hejkal is December 29, 2009, and is otherwise is affirmed.

DATED this 25th day of February, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge