IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSEPH ANTHONY RANIERI and JANET KAYE RANIERI, | ) ) ) | CASE NO. 8:09CV448 |
| Plaintiffs, | ) ) | MEMORANDUM |
| vs. | ) ) ) | AND ORDER |
| UNITED STATES OF AMERICA and THOMAS W. HEJKAL, M.D., | ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on the Plaintiffs' Motion to Extend Deadline to Respond to Defendant Hejkal's Motion for Summary Judgment (Filing No. 29). Plaintiffs request a ninety-day extension "to properly respond with supporting affidavits, documents and to conduct discovery of agents and employees of the Defendant United States of America." (*Id*. ¶ 3.) Plaintiffs note that counsel for the Defendants do not object to the extension; yet the Court will require further information before granting any such extension, for the reasons discussed below.

On or about August 2, 2007, the Plaintiff Joseph Anthony Ranieri ("Ranieri") was admitted to the Veterans Administration Hospital ("VA Hospital") in Omaha, Nebraska, to have laser surgery on the retina of his left eye, but Dr. Ranieri refused to go forward with the surgery and told Ranieri to see a doctor in a glaucoma clinic. (Complaint, Filing No. 1 ¶¶ 3, 8.) Ranieri alleges that Hejkal was negligent; that Hejkal caused Ranieri to lose sight in his left eye; and that Hejkal caused Ranieri and his wife, Plaintiff Janet Kaye Ranieri, to suffer other related damages. (*Id*. ¶¶ 9 - 11.)

Plaintiffs were not aware that Ranieri was an independent contractor and not an employee of the VA Hospital until August 22, 2009. (*Id*. ¶ 7.) Hejkal was not an employee

of the Veterans Hospital, but was working pursuant to a contract between the VA Hospital and the Western Iowa Healthcare System and University Medical Associates, n/k/a UNMC Physicians, on August 2, 2007.  (Affidavit of Thomas W. Hejkal, M.D., Filing No. 25-5 ¶¶ 2-4.)  Plaintiffs filed their Complaint on December 14, 2009, more than two years after Hejkal's alleged act of negligence.

The Plaintiffs brought their action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*[1], and 28 U.S.C. § 1346(b), and do not appear to invoke the Court's diversity jurisdiction with respect to any claim against Hejkal.  Regardless, the statute of limitations for any such claim against Hejkal would be that provided under Nebraska law:

> Any action to recover damages based on alleged professional negligence . . . in rendering or failure to render professional services shall be commenced within two years next after the alleged act or omission in rendering or failure to render professional services providing the basis for such action; *Provided*, if the cause of action is not discovered and could not be reasonably discovered within such two-year period, then the action may be commenced within one year from the date of such discovery or from the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier[.]

Neb. Rev. Stat. § 25-222 (Reissue 2008).

> The following actions can only be brought within the periods stated in this section: . . . [W]ithin two years, an action for malpractice which is not otherwise specifically limited by statute.

Neb. Rev. Stat. § 25-208 (Reissue 2008).

Plaintiffs have not alleged that the cause of action was not discovered and could not reasonably have been discovered within two years of the alleged act or omission.  Nor have Plaintiffs alleged any other tolling of the statute of limitations.  Accordingly, the statute

---

[1] The Complaint cites "38 U.S.C. 4116(a)," which the Court infers to be an error.

2

of limitations on the Plaintiffs' claim against Hejkal appears to have expired August 1, 2009.  Because the action was not commenced until December 14, 2009, it appears that the action is untimely as to Hejkal.

Before this Court will grant the Plaintiffs an extension of time to respond to Hejkal's Motion for Summary Judgment, let alone an extension that would require him to be subject to discovery proceedings for an additional ninety days, the Court will require an affidavit from Plaintiffs' counsel indicating what discovery counsel intends to conduct that is material to the disposition of the pending Motion for Summary Judgment filed by Hejkal.

IT IS ORDERED:

1. Plaintiffs' Motion to Extend Deadline to Respond to Defendant Hejkal's Motion for Summary Judgment (Filing No. 29) is denied; and

2. Plaintiffs may renew their Motion, but any such renewed motion must be accompanied by an affidavit of Plaintiffs' counsel specifying what discovery is necessary for a response to the pending Motion for Summary Judgment.

DATED this 22nd day of April, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge