IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH ANTHONY RANIERI and JANET KAYE RANIERI, | CASE NO. 8:09CV448 |
| Plaintiffs, | |
| vs. | MEMORANDUM AND ORDER |
| UNITED STATES OF AMERICA and THOMAS W. HEJKAL, M.D., | |
| Defendants. | |

This matter is before the Court on the Plaintiffs' Renewed Motion to Extend Deadline to Respond to Defendant Hejkal's Motion for Summary Judgment (Filing No. 32). Plaintiffs' response to the Motion for Summary Judgment (Filing No. 23) submitted by Defendant Thomas W. Hejkal, M.D. ("Hejkal") was due on April 28, 2010. On April 21, 2010, Plaintiffs requested a ninety-day extension "to properly respond with supporting affidavits, documents and to conduct discovery of agents and employees of the Defendant United States of America." (Filing No. 29 ¶ 3.) The Court denied the motion, noting that it appeared that Plaintiffs' action against Hejkal had been filed after the statute of limitations had expired, but the Court stated that Plaintiffs could renew their motion for extension if Plaintiffs' counsel submitted an affidavit specifying what discovery was considered necessary for a response to the pending Motion for Summary Judgment.

No renewed motion for extension of time was filed by Plaintiffs on or before April 28, 2010, nor was any brief in opposition to the Motion for Summary Judgment filed, and on April 29, 2010, the Court granted Hejkal's Motion for Summary Judgment. (Filing No. 31.) Later that day, Plaintiffs filed the pending Renewed Motion to Extend Deadline, accompanied by the affidavit of counsel (Filing No. 33.) In the affidavit, Plaintiffs' counsel

acknowledges that "the statute of limitations against Hejkal had run on August 2, 2009," more than four months before the filing of this action. (*Id*. ¶ 7.) Plaintiffs' counsel asserts, however, that he would like to conduct discovery to demonstrate that Hejkal and the United States of America (Veterans Administration Medical Center, "VAMC") should be estopped from asserting that Hejkal was not an employee of the VAMC at relevant times.

As discussed in some length in the Court's earlier Memorandum and Order (Filing No. 30), the statute of limitations for any claim against Hejkal as an independent contractor expired before the filing of this action. While Plaintiffs' counsel may pursue the theory that Hejkal and the VAMC should be estopped from denying that Hejkal was an employee of the VAMC at relevant times, Hejkal still would not be a proper party defendant under that theory. *See* 28 U.S.C. § 2679.

IT IS ORDERED:

1. Plaintiffs' Renewed Motion to Extend Deadline to Respond to Defendant Hejkal's Motion for Summary Judgment (Filing No. 32) is denied; and

2. Defendant United States' Resistance to Plaintiffs' Motion to Extend Deadline to Respond to Defendant Hejkal's Motion for Summary Judgment (Filing No. 34) is denied as moot.

DATED this 3rd day of May, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge