# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JOSEPH ANTHONY RANIERI and JANET KAYE RANIERI, | CASE NO. 8:09CV448 |
| Plaintiffs, | |
| vs. | MEMORANDUM AND ORDER |
| UNITED STATES OF AMERICA and THOMAS W. HEJKAL, M.D., | |
| Defendants. | |

This matter is before the Court on the Plaintiffs' Motion for Reconsideration of Summary Judgment (Filing No. 40). This Court incorporates herein, by reference, the factual and procedural history, and the analysis, contained in its memoranda and orders at Filing Nos. 30, 31, and 39.

## SUMMARY OF PROCEDURAL HISTORY

Plaintiffs filed their Complaint on December 14, 2009, alleging that they suffered damages due to negligent medical care provided to Joseph Anthony Ranieri at a Veterans Administration Hospital ("V.A. Hospital") on August 2, 2007. (Filing No. 1.) On March 8, 2010, Defendant Thomas W. Hejkal, M.D., moved for summary judgment, presenting his affidavit to the effect that he was at all relevant times an independent contractor and not an employee of the V.A. Hospital, and noting that the statute of limitations against him had expired prior to the filing of the action. (Filing Nos. 23, 24, 25.) On March 26, 2010, the Plaintiffs moved for an extension of time to respond to the motion for summary judgment (Filing No. 26), and the Court granted an extension, requiring them to respond on or before April 28, 2010. (Filing No. 27). On April 21, 2010, the Plaintiffs moved for another extension of time to respond, seeking an additional 90 days to conduct discovery. (Filing No. 29.) On April 22, 2010, this Court denied the additional extension of time, but noted

that the Plaintiffs could renew their motion if it was accompanied by an affidavit of counsel specifying what discovery was necessary for a response to the motion for summary judgment. (Filing No. 30.) No such renewed motion or affidavit was filed on or before April 28, 2010, and on April 29, 2010, the Court granted Hejkal's motion for summary judgment. (Filing No. 31.) The Plaintiffs then filed a renewed motion to extend the deadline to respond to the motion for summary judgment, with an affidavit of counsel indicating that counsel wished to conduct discovery to demonstrate that Hejkal and the V.A. Hospital should be estopped from denying that he was at relevant times an employee of the V.A. Hospital. (Filing No. 32, 33.) The Court denied the renewed motion to extend, noting that if Hejkal was at relevant times an employee of the V.A. Hospital, he was not a proper party defendant in this action. (Filing No. 39.) Plaintiffs now move for reconsideration under a new theory, suggesting that the filing of their administrative claim with the Department of Veterans Affairs on February 9, 2009, should be considered the "original pleading" in this action, and the naming of Hejkal as a defendant in this action should relate back to the filing of the administrative claim.

## STANDARD OF REVIEW

"Motions for reconsideration are disfavored, and the court will ordinarily deny them without a showing of (1) manifest error in the prior ruling or (2) new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence." NECivR 60.01(c).

## DISCUSSION

In the Motion for Reconsideration, the Plaintiffs assert that their action against Hejkal should be considered timely filed, because Neb. Rev. Stat. § 25-201.02(2) (Reissue 2008) provides:

2

> If the amendment [to a pleading] changes the party or the name of the party against whom a claim is asserted, the amendment relates back to the date of the original pleading if (a) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, and (b) within the period provided for commencing an action the party against whom the claim is asserted by the amended pleading (i) received notice of the action such that the party will not be prejudiced in maintaining a defense on the merits and (ii) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The Plaintiffs suggest that their filing of a claim with the Department of Veterans Affairs (Filing No. 40-2, Ex. D) should be viewed as the "original pleading" in this action, and the Complaint herein (Filing No. 1) should be viewed as an amendment that simply changed a party, *i.e.,* Hejkal, who, within the period provided for commencing an action against him, received notice of the action and knew or should have known that, but for a mistake concerning the identity of the proper party, he would have been subject to the action within the applicable statute of limitations.

The Plaintiffs have presented no authority, and the Court is aware of none, providing that the filing of an administrative claim may be viewed as the "original pleading" under Neb. Rev. Stat. § 25-201.02 or Fed. R. Civ. P. 15 (c), effectively tolling the statute of limitations with respect to a third party.

IT IS ORDERED:

The Plaintiffs' Motion for Reconsideration (Filing No. 40) is denied.

DATED this 18th day of May, 2010.

> BY THE COURT:
>
> s/Laurie Smith Camp
> United States District Judge