IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOSEPH ANTHONY RANIERI and JANET KAYE RANIERI, | ) ) ) | CASE NO. 8:09CV448 |
| Plaintiffs, | ) ) | |
| vs. | ) ) ) | MEMORANDUM AND ORDER |
| UNITED STATES OF AMERICA and THOMAS W. HEJKAL, M.D., | ) ) ) | |
| Defendants. | ) | |

This matter is before the Court on the Defendant United States of America's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(h)(3) and 12(c). (Filing No. 50.) Because the Plaintiffs' claims are based on the alleged negligence of an independent contractor and not an employee of the United States, and because the Plaintiffs' theory of equitable estoppel is not supported by evidence from which a reasonable finder-of-fact could conclude that the United States should be estopped from denying that the allegedly negligent party was an employee of the United States, the Motion to Dismiss will be granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

On or about August 2, 2007, Plaintiff Joseph Anthony Ranieri ("Ranieri") was admitted to the Veterans Administration Hospital ("VA Hospital") in Omaha, Nebraska, to have laser surgery on the retina of his left eye. Dr. Thomas W. Hejkal, who was working at the VA Hospital, refused to go forward with the surgery and told Ranieri to see a doctor in a glaucoma clinic. (Complaint, Filing No. 1, ¶¶ 3, 8.) Ranieri alleges that Hejkal was negligent; that Hejkal caused Ranieri to lose sight in his left eye; and that Hejkal caused Ranieri and his wife, Plaintiff Janet Kaye Ranieri, to suffer other related damages. (*Id*. ¶¶ 9 - 11.)

Plaintiffs were not aware that Hejkal was an independent contractor and not an employee of the VA Hospital until August 22, 2009. (*Id.* ¶ 7.) Plaintiffs filed their Complaint on December 14, 2009, more than two years after Hejkal's alleged act of negligence.

Hejkal moved for summary judgment on March 8, 2010.  Defendant United States filed an Answer to the Complaint on April 7, 2010, asserting, in general, that this Court lacks subject matter jurisdiction over the Plaintiffs' claims, and that the Complaint fails to state a claim on which relief can be granted, because Hejkal was not an employee of the VA Hospital, but an independent contractor. (Filing No. 28.) On April 29, 2010, this Court granted Hejkal's Motion for Summary Judgment because the evidence before the Court on that motion[1] confirmed that at all relevant times Hejkal was an independent contractor and not an employee of the VA Hospital, and because Ranieri's action against Hejkal was barred by the applicable statute of limitations. (Filing No. 31.)

On August 2, 2010, the United States moved to dismiss this action, asserting that the Court lacks subject matter jurisdiction, and the Complaint fails to state a claim upon which relief can be granted. (Filing No. 50.) In support of the Motion, the United States made reference to the Court's conclusions in its Order granting Hejkal's Motion for Summary Judgment, in which the Court relied on Hejkal's Index of Evidence. (Filing No. 25.) In response, the Plaintiffs submitted additional evidence (Filing No. 53-2) which the

---

[1] UNMC Full Time Physician Employment Agreement between UNMC Physicians and Thomas W. Hejkal, M.D., Ph.D. (Filing No. 25-2); Agreement between Thomas W. Hejkal, M.D.,Ph.D. and the University of Nebraska College of Medicine (Filing No. 25-3); Contract dated October 1, 2005, between VA Nebraska-Western Iowa Health Care System Omaha Division and University Medical Associates Department of Ophthalmology (Filing No. 25-4); and Affidavit of Thomas W. Hejkal, M.D. (Filing No. 25-5).

Court has not excluded.[2] The Plaintiffs' evidence shows that on March 13, 2009, the U.S. Department of Justice, Federal Tort Claims Act Staff, sent a letter to Plaintiffs' counsel acknowledging receipt of the Plaintiffs' administrative tort claim and noting that the claim "appears to concern a tort involving employees of the Department of Veterans Affairs[.]" (Filing No. 53-1, Ex. A.) On March 23, 2009, the Department of Veterans Affairs Nebraska-Western Iowa Health Care System wrote to Hejkal to notify him of Ranieri's claim. (Filing No. 53-1, Ex. B.) That letter stated: "If an action is brought against an individual practitioner, whose activities were judged to have been within the scope of his/her duties as a VA employee, the government will petition the court to have the United States substituted as a defendant." (*Id.*) It is not clear when or how a copy of that letter came to the attention of the Plaintiffs or their counsel. On April 28, 2009, the Department of Veterans Affairs sent a letter to Plaintiffs' counsel regarding the pending tort claim that stated: "The treatment in question was provided by the Omaha VAMC." (Filing No. 53-1, Ex. C.) On August 26, 2009, the Department of Veterans Affairs wrote to Plaintiffs' counsel to advise of the denial of Plaintiffs' administrative claim under the FTCA, and to advise that Hejkal's status was that of an independent contractor, not an employee of the VA Hospital. (Filing No. 53-1.) The letter is stamped as received on August 31, 2009, although the Complaint indicates that Plaintiffs received notice of Hejkal's status as an independent contractor on August 22, 2009. In any event, as noted in this Court's Order on Hejkal's

---

[2] The United States notes that the Plaintiffs did not lay proper foundation for their exhibits, and suggests that they should be stricken. (Defendant's Brief, Filing No. 55 at 1.) While the Defendant's observations are well-taken, the Defendant has not moved to strike the materials that the Plaintiffs submitted, and the Court has considered on Plaintiffs' evidentiary submissions, drawing all reasonable inferences in the Plaintiffs' favor.

Motion for Summary Judgment (Filing No. 31 at 4), the statute of limitations applicable to the Plaintiffs' action against Hejkal expired on August 1, 2009.

The United States, in reply, submitted evidence of one additional letter, reflecting correspondence from Plaintiffs' counsel to the Department of Veterans Affairs, dated July 28, 2009, in which Plaintiffs' counsel noted: "Attending Physician Thomas W. Hejkal M.D. is an Ophthalmologist and resident of The University of Nebraska Medical Center, 985540 Nebraska Medical Center, Omaha, NE 68198 and is authorized to treat patients at the VA Medical Center[.]"  The United States suggests that the letter indicates that Plaintiffs' counsel was aware of Hejkal's status as an independent contractor prior to the expiration of the statute of limitations for the Plaintiffs' malpractice claim against Hejkal.  (Filing No. 56, Declaration of James C. Klein, Ex. A.)

**STANDARD OF REVIEW**

Pursuant to the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Fed. R. Civ. P. 12(h)(3) provides:  "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(c) provides: "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."

"'Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law,' the same standard used to address a motion to dismiss for failure to state a claim under Rule 12(b)(6)."  *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009) (quoting *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8th Cir. 2006)).  When considering a Rule 12(c)

4

motion for judgment on the pleadings, the Court must "accept as true the non-moving party's factual allegations and grant the non-moving party all reasonable inferences from the pleadings." *Noble Systems Corp. v. Alorica Central, LLC*, 543 F.3d 978, 981 (8th Cir. 2008) (citing *MM & S Fin., Inc. v Nat'l Ass'n of Sec. Dealers, Inc.*, 364 F.3d 908, 909 (8th Cir. 2004)).

Fed. R. Civ. P. 12(d) provides: If, on a motion under Rule . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Because both parties have referred the Court to matters outside the pleadings in support of their respective positions, and the Court has not excluded those materials, the pending motion is treated as one for summary judgment.

Summary judgment is only proper when the Court, viewing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in the nonmoving party's favor, determines the evidence "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Semple v. Federal Exp. Corp.*, 566 F.3d 788, 791 (8th Cir. 2009) (quoting Fed. R. Civ. P. 56(c)). "Where the nonmoving party will bear the burden of proof at trial on a dispositive issue, . . . Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The moving party need not negate the nonmoving party's claims by showing "the absence of a genuine

issue of material fact." *Id.* Instead, "the burden on the moving party may be discharged by 'showing' . . . that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

In response to the movant's showing, the nonmoving party's burden is to produce specific facts demonstrating "'a genuine issue of material fact' such that their claim should proceed to trial." *Nitro Distrib., Inc. v. Alitcor, Inc.*, 565 F.3d 417, 422 (8th Cir. 2009) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The nonmoving party is required to demonstrate a "genuine issue of material fact" that is outcome determinative–"a dispute that might 'affect the outcome of the suit under the governing law.'" *Bloom v. Metro Heart Group of St. Louis, Inc.*, 440 F.3d 1025, 1030 (8th Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1985)). Thus, a "genuine issue" is more than "'some metaphysical doubt as to the material facts,'" *Nitro Distrib.,* 565 F.3d at 422 (quoting *Matsushita*, 475 U.S. at 586-87), and "'the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment.'" *Bloom*, 440 F.3d at 1028-29 (emphasis removed) (quoting *Anderson*, 477 U.S. at 247-48).

In other words, in deciding "a motion for summary judgment, [the] facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." *Ricci v. DeStefano*, 129 S. Ct. 2658, 2677 (2009). Otherwise, where the Court finds that "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party"–where there is no "genuine issue for trial"–summary judgment

is appropriate. *Matsushita*, 475 U.S. at 587 (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)); *see also Scott v. Harris,* 550 U.S. 372 (2007).

## DISCUSSION

The Plaintiffs brought their action pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*[3], and 28 U.S.C. § 1346(b) ("FTCA"). The United States' waiver of its sovereign immunity under the FTCA does not extend to actions based on the conduct of "any contractor of the United States." 28 U.S.C. § 2671. Accordingly, the United States cannot be held liable under the FTCA for negligent acts or omissions of independent contractors or the employees of independent contractors. *United States v. Orleans*, 425 U.S. 807, 819 (1976) (United States not liable under FTCA for negligence of persons who were paid through federal funding, but were not federal employees); *Logue v. United States*, 412 U.S. 521, 528 (1973) (Congress "incorporated into the definitions of the Act the exemption from liability for injury caused by employees of a contractor"); *Knudsen v. United States*, 254 F.3d 747, 750 (8th Cir. 2001) ("the United States is not responsible for the torts of government contractors").

Plaintiffs acknowledge that Hejkal was at all relevant times an independent contractor, or an employee *of* an independent contractor, and *not* an employee of the VA Hospital. (Plaintiffs' Brief, Filing No. 53 at 1.) Accordingly, there is no question of fact regarding Hejkal's status. Plaintiffs assert, however, that the doctrine of equitable estoppel should bar the United States from raising Hejkal's non-employee status as a defense in this action. (*Id.*)

---

[3] The Complaint cites "38 U.S.C. 4116(a), which the Court infers to be an error.

Plaintiffs acknowledge that in order for the doctrine of equitable estoppel to apply against the federal government, they must demonstrate: (1) a false representation by the United States; (2) that the United States had the intent to induce the Plaintiffs to act on the misrepresentation; (3) the Plaintiffs' lack of knowledge or inability to obtain the true facts; and (4) the Plaintiffs' reliance on the misrepresentation to [his or] her detriment.  *Story v. Marsh,* 732 F.2d 1375, 1383 (8th Cir. 1984) (citing International *Organization of Masters, Mates & Pilots v. Brown*, 698 F.2d 536, 551 (D.C. Cir.1983))(and cases therein cited). Plaintiffs also acknowledge that "affirmative misconduct" on the part of the government must be shown.  *Chien-Shih Wang v. Attorney General of the United States*, 823 F.2d 1273, 1276 (8th Cir. 1987) (citing *Heckler v. Community Health Services of Crawford*, 467 U.S. 51, 61 (1984) (traditional elements of estoppel), and *INS v. Miranda*, 459 U.S. 14, 18 (1982) (affirmative misconduct)).  (Plaintiffs' Brief, Filing No. 53 at 2-3.)

Plaintiffs ask this Court to draw each of these inferences from the letters described above, asserting that the letters contain affirmative false representations to the Plaintiffs that Hejkal *was* an employee of the VA Hospital; that those false representations were made to induce the Plaintiffs to act on the misrepresentations; that the Plaintiffs lacked knowledge of the true facts or the ability to obtain the true facts; and that the Plaintiffs relied on the false representations to their detriment.  This Court cannot draw such inferences from a plain reading of the letters, nor can the Court conclude that any reasonable finder-of-fact could draw such inferences.[4]

---

[4]  Any trial of this action would be to the Court, without a jury.  28 U.S.C. § 2402.

8

In *Rutten v. United States*, 299 F.3d 993, (8th Cir. 2002), the Eighth Circuit Court held that the government was not equitably estopped from relying on the independent contractor exemption under the FTCA, although the government failed to inform the plaintiff that the physician who was alleged to be negligent was an independent contractor, until after the state statute of limitations expired. "However dilatory the government may have been in disclosing [the physician's] identity to plaintiffs, that unresponsiveness did not rise to the level of affirmative misconduct on the part of the United States." *Rutten*, 299 F.3d at 996. This Court finds no basis for distinguishing this action from *Rutten.*

## CONCLUSION

Plaintiffs have not demonstrated that there is any genuine issue of material fact with respect to their theory of equitable estoppel. This Court lacks subject matter jurisdiction over the Plaintiffs' claims and the Complaint will be dismissed, with prejudice.

Accordingly,

IT IS ORDERED:

1. The Defendant United States of America's Motion to Dismiss (Filing No. 50) is granted;
2. The Plaintiffs' Complaint is dismissed, with prejudice; and
3. A separate Judgment will be entered.

DATED this 27th day of August, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge